1
2
3
4
5
6       IN THE UNITED STATES DISTRICT COURT

7       FOR THE EASTERN DISTRICT OF CALIFORNIA

8
| | |
|---|---|
| JOSEPH MARTIN DANKS, ) | Case No. 1:11-cv-00223-LJO |
| Petitioner, ) | DEATH PENALTY CASE |
| v. ) | ORDER GRANTING APPLICATION FOR APPOINTMENT OF COUNSEL; DENYING WITHOUT PREJUDICE REQUEST FOR STAY OF EXECUTION AND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; AND DEFERRING REQUEST FOR STATUS CONFERENCE |
| VINCE CULLEN, Warden of California State ) Prison at San Quentin, ) | |
| Respondent. ) | |

On February 9, 2011, Petitioner Joseph Martin Danks ("Danks"), a state prisoner facing capital punishment, commenced this action pursuant to 28 U.S.C. § 2254 by filing an application for appointment of counsel, request for a stay of execution, and request for a status conference. Appended with this filing is an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. The applications and requests are supported by the declaration of Habeas Corpus Resource Center ("HCRC") attorney Gary D. Sowards, appearing specially for Danks, and an Inmate Statement Report through December 24, 2010 from San Quentin State Prison.

**I.      Request for Appointment of Counsel**

Section 3599(a)(2) of Title 18 of the United States Code provides for the appointment of one of more attorneys to represent an indigent person proceeding under 28 U.S.C. § 2254 to vacate a death sentence. Rule 191(c) of the Local Rules of the United States District Court for the Eastern District of California also provides for the appointment of counsel for indigent capital habeas petitioners. Under this rule, selection of counsel is made from a panel of attorneys qualified for appointment in death penalty cases and certified by a selection board appointed by the Chief Judge. Danks requests that the HCRC, which represented him before

1  the California Supreme Court on state habeas, be appointed to represent him in these federal proceedings.

2  Danks is entitled to appointment of counsel under 18 U.S.C. § 3599(a)(2).

3  **II.    Request for Stay of Execution**

4       Local Rule 191(g)(1) provides that when an indigent, condemned habeas petitioner submits an

5  application for appointment of counsel and a temporary stay of execution, the Court may issue a temporary

6  stay of execution for a period of 90 days, while counsel is located.  Danks has presented no facts or

7  circumstances that would warrant the exercise of discretion to issue a temporary stay of execution in this case.

8  **III.    Request for a Status Conference**

9       Danks requests a status conference to establish a due date for the filing of his petition, the answer of

10  Respondent Vince Cullen, As Warden of San Quentin State Prison (the "Warden"), and his traverse.

11       Once counsel is appointed, the Court will set a case management conference for Phase I of the

12  litigation at which both Danks and the Warden will appear to discuss filing deadlines, lodging of the record,

13  and review of the record.  Prior to that conference, the Court will request counsel for both parties to complete

14  case evaluation forms and for Danks' attorneys to submit a case management plan and budget.  Until then,

15  both Danks and the Warden are encouraged to review the Fresno Attorney Guide to Case Management and

16  Budgeting in Capital Habeas Cases in four phases.  This document is available on the Court's webpage under

17  Attorney Info, Forms, CJA.  The parties also are encouraged to review amended Local Rule 191, effective

18  February 8, 2011.

19  **IV.    Application for Leave to Proceed in Forma Pauperis**

20       Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a

21  petitioner seeking *in forma pauperis* status shall file an affidavit of assets as required by 28 U.S.C. § 1915.

22  Rule 3(a) also requires a certificate from the prison stating the amount on deposit in the petitioner's accounts.

23  While Danks' Application to Proceed without Prepayment of Fees asserts his indigence, under penalty of

24  perjury, and he includes an Inmate Statement Report with his submission, he has not provided the Court with

25  a certificate from the prison stating the amount on deposit in his inmate account.  The Inmate Statement

26  Report is not certified by a prison official.  Although Local Rule 191(e) does not require a filing fee for death

27  penalty cases filed pursuant to 28 U.S.C. § 2254, the application for *in forma pauperis* should be presented

28  properly before the Court confers that status on Danks.

Good cause appearing therefor,

1.     Danks' application for appointment of counsel is granted.  The matter is referred to the Selection Board for the Eastern District of California to certify an attorney or attorneys qualified and available to represent Danks before this Court.

2.     Danks' request for a stay of execution is denied without prejudice.

3.     Danks' request for a status conference is deferred.

4.     Danks' application to proceed *in forma pauperis* is denied without prejudice.

IT IS SO ORDERED

Dated:    February 10, 2011

                                                                        /s/ Lawrence J. O'Neill
                                                              Lawrence J. O'Neill
                                                              United States District Judge