UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br><br>                    Petitioner,<br>       vs.<br><br>MICHAEL MARTEL, as Acting Warden of San Quentin State Prison,<br><br>                    Respondent. | Case No. 1:11-cv-00223 LJO<br><br>DEATH PENALTY CASE<br><br>ORDER FOLLOWING PHASE II CASE MANAGEMENT CONFERENCE<br><br>HEARING DATE:   May 4, 2011<br>TIME:                      8:30 a.m.<br>COURTROOM FOUR |

This matter came on for a Phase II Case Management Conference ("CMC") May 4, 2011 at 8:30 a.m. in the above referenced Court, the Honorable Lawrence J. O'Neill presiding. Petitioner Joseph Martin Danks ("Danks") was represented by appointed counsel from the Habeas Corpus Resource Center ("HCRC"), Gary Sowards, Margo Hunter, and Kevin Bringuel. Respondent Michael Martel, as Acting Warden of San Quentin State Prison (the "Warden"), was represented by Deputy Attorney General Leanne LeMon. All counsel appeared telephonically.

Since the March 17, 2011 Phase I CMC, the Warden timely filed an index of lodged state records on April 8, 2011. Fourteen volumes of state court records, including extensive exhibits presented to the California Supreme Court during state habeas proceedings, were lodged on the same day. Four days prior to that, the Supreme Court issued *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), a decision which will have an impact on granting federal court evidentiary hearings and calls into question the propriety of pre-petition claims development investigation. Specifically, *Pinholster* holds that an evaluation of 28 U.S.C. § 2254(d)(1) state court decision reasonableness "is limited to the record that was before the state

court that adjudicated the claim on the merits. *Id*. at 1398. Prompted by *Pinholster*, the Court issued an order revising the Phase I budget stating as follows:

1.  In the case of legally exhausted claims for which a factual basis was presented in the California Supreme Court, pre-petition fact development will be precluded, unless the factual basis presented in state court is shown to have been incomplete so that additional fact development would lead to the formation of a new, unexhausted claim.

2.  For unexhausted claims, the authorization of funds for pre-petition fact development will be determined by the following factors in addition to guiding principles outlined in the Ninth Circuit Judicial Council CJA Capital Habeas Costs Policy:

    a.  Efforts previously undertaken to develop the evidence sought and the reason these efforts were unsuccessful.

    b.  A description of the evidence sought to be uncovered.

    c.  Reasonable assurance by counsel that the investigation, expert service, or other ancillary assistance will be efficacious in uncovering the evidence sought.

    d.  Whether the evidence sought existed and was reasonably accessible at the time of trial.

    e.  The connection of the evidence sought to a prospective claim that will be raised in the federal petition.

Applying these guidelines will allow the development of unexhausted claims where petitioners can establish diligence, efficacy, and claim cognizability. This approach also will facilitate any further (d)(1) determination of state decision reasonableness based on the same record in federal court as in state court prior to granting further evidentiary development. The Court is mindful that the development of evidentiary facts does not necessarily render existing claims unexhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 257-58-260 (1986) (rejecting challenge to new evidence because it did not fundamentally alter the legal claim the state courts previously considered).

Under this budget revision order, Phase I investigation and claims development was suspended as of the date of the order, with further explanation and justification to be provided in the proposed Phase II budget and discussed at the Phase II CMC. In the Phase II budget materials, as well as at the Phase II CMC, Mr. Sowards has confirmed publicly that the pre-petition investigation and factual

1 development contemplated on behalf of Danks is expected to augment existing, legally exhausted claims
2 only, rather than give rise to new, unexhausted claims.  Referencing the *Vasquez v. Hillery* opinion,
3 during the CMC he expressed his good faith belief that the additional fact development investigation will
4 not render the existing claims unexhausted.

5       Prior to the CMC, the HCRC attorneys, on behalf of Danks, conferred telephonically with Ms.
6 LeMon, on behalf of the Warden, to work out a schedule for Phase II litigation tasks.  All parties
7 recognize that the major work to be completed in Phase II is Danks' preparation and presentation of a
8 timely federal petition as well as to resolve all exhaustion and statute of limitations issues.  This includes
9 the filing of an answer by the Warden that responds to the allegations of the petition and frames disputed
10 issues consistent with Rule 5(b) of the Rules Governing § 2254 Cases.  In light of the Phase I budget
11 revision order, Danks also requested the opportunity to brief the impact of the *Pinholster* opinion on the
12 propriety of pre-petition investigation of legally exhausted claims.

13       Expanding further on the purpose and scope of the proposed *Pinholster* briefing at the CMC,
14 Messrs. Sowards and Bringuel noted   the complexity of the issues *Pinholster* raises, including the
15 appropriate application of § 2254(d)(1) *and* (2), *Harrington v. Richter*, 131 S. Ct. 770 (2011), *Landrigan*
16 *v. Schriro*, 550 U.S. 465 (2007), *Wood v. Allen*, 130 S.Ct. 841 (2010), the California Constitution, as
17 well as other California authorities describing controlling principles of California state habeas corpus
18 practice. Danks believes his *Pinholster* brief will be comprehensive in explaining the inter-relation of
19 various controlling precedents, statutes, and conventions.  The Court is under the impression the
20 California Attorney General's Office is taking the position that *Pinholster* precludes federal district
21 courts from considering any evidence beyond what was presented in state court in proceedings governed
22 by § 2254(d)(1), and therefore that evidentiary hearings will be barred in post-*Pinholster* federal habeas
23 litigation.  While the Court has not yet received any definitive briefing on the issue from the Attorney
24 General's Office, the issue framed, as presently understood, relates to a petitioner's entitlement to an
25 evidentiary hearing, not pre-petition investigation. The authorities referenced by Danks' attorneys also
26 pertain to ascertaining the meaning of a colorable claim, a prima facie case, an unreasonable application
27 of federal law under § 2254(d)(1), an unreasonable determination of facts under § 2254(d)(2) as well as
28

the inter-relation between § 2254(d)(2) and the presumption of correctness of state factual findings under § 2254(e)(1). All of these issues exceed the scope of litigation tasks to be completed in Phase II.

Since Danks, through his attorneys, concede that he intends to present only exhausted claims in his anticipated federal petition, the Court directs the parties to defer their *Pinholster* briefing efforts until the case is at issue, with the legal and factual issues fully framed and all exhaustion as well as statute of limitations issues resolved. Further proceedings to discuss a budget and case management plan for Danks' case were conducted confidentially. A separate order will be issued and filed under seal establishing a budget for Phase II of the litigation.

GOOD CAUSE APPEARING THEREFOR, the parties will adhere to the following schedule:

1. Danks shall file his federal petition no later than September 15, 2011. The petition shall be presented *without* points and authorities.

2. Within 60 days from the filing of the petition (November 14, 2011 if the petition is filed on September 15, 2011), the Warden shall file his answer in conformance with Rule 5(b) of the Rules Governing § 2254 Cases. The answer shall address and respond to the allegations of the petition so as to frame the issues in dispute and raise all substantive and procedural affirmative defenses. The answer also shall be presented *without* points and authorities.

3. Within 45 days from the filing of the answer (December 29, 2011 if the answer is filed on November 14, 2011), the parties will confer *and* file a joint statement setting forth their respective positions regarding Danks' compliance with the statute of limitations and the exhaustion status of the petition. The matter will stand submitted for the Court to settle the parties' disagreements (if any), at which time the Court will take such further action as is necessary to advance the case. When the Court issues the order resolving exhaustion issues, Phase II will terminate and Phase III will commence. Under this schedule, Phase II should be completed by January 15, 2012. A Phase III CMC thereafter will be scheduled by the Court.

IT IS SO ORDERED.

Dated:     May 6, 2011

          /s/ Lawrence J. O'Neill
            Lawrence J. O'Neill
          United States District Judge