UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br><br>　　　　　Petitioner,<br>　　vs.<br>MICHAEL MARTEL, as Acting Warden of San Quentin State Prison,<br><br>　　　　　Respondent. | Case No. 1:11-cv-00223 LJO<br><br>DEATH PENALTY CASE<br><br>SECOND ORDER DIRECTING PETITIONER TO FILE A REPLY TO THE RESPONSE OF RESPONDENT REGARDING DISMISSAL OF CLAIMS 31 THROUGH 35 |

　　　　On October 14, 2011 the Court entered an order holding federal proceedings in abeyance as to Claims 1 through 30 and 37, dismissing Claim 36 as premature, and directing Petitioner Joseph Martin Danks ("Danks") to show cause why Claims 31 through 35 should not be dismissed as unexhausted and barred by the statute of limitations. Danks timely filed his return to the order to show cause on October 21, 2011. Respondent Michael Martel, as Acting Warden of San Quentin State Prison, (the "Warden") filed a response to Danks' return on October 25, 2011.

　　　　Danks maintains that Claims 31 through 35 previously were exhausted in direct appeal proceedings before the California Supreme Court. The Warden agrees that Claims 31 through 35 are factually exhausted. He disagrees Danks exhausted all the legal bases for his federal claims on direct appeal. He argues:

　　　　Claim 31 adds an Equal Protection violation, ineffective assistance of counsel, deprivation of the right to a trial by a fair and impartial jury, as well as general violations of his Fifth and Sixth Amendment rights to the Eighth Amendment violation for injecting an arbitrary factor into the jury's penalty determination raised in Claim IV on direct appeal;

<u>Claim 32</u> adds a general violation of his Fifth Amendment rights as well as his right to be free of cruel and unusual punishment under the Eighth Amendment to the violation of his Sixth Amendment right to a jury trial, his Eighth Amendment right to enhanced reliability in capital trials, and his Fourteenth Amendment rights to Due Process and Equal Protection raised in Claim V on direct appeal;

<u>Claim 33</u> adds a violation of his Due Process and Equal Protection rights under the Fourteenth Amendment as well as general violations of his Fifth and Sixth Amendment rights to the Eighth Amendment violation raised in Claim VI on direct appeal;

<u>Claim 34</u> adds general violations of his Fifth and Sixth Amendment rights to the deprivation of his Due Process and Equal Protection rights under the Fourteenth Amendment and the deprivation his right to reliability of sentencing under the Eighth Amendment raised in Claim VII on direct appeal; and

<u>Claim 35</u> adds Fifth, Eighth, and Fourteenth Amendment violations to the deprivation of his right to self-representation under the Sixth Amendment raised in Claim I on direct appeal.

On October 25, 2011, the Court directed Danks to file a reply to the Warden's response within two calendar weeks from the filing of this order. On November 1, 2011, Danks filed a motion to discharge the order to show case and delay the resolution of exhaustion until state exhaustion proceedings have been completed. By this motion, Danks also requests the Court to hold the entire petition in abeyance, with the exception of Claim 36, which has been dismissed as premature. Danks represents that the Warden does not oppose his motion.

The Court denies Danks' unopposed motion to delay exhaustion resolution of Claims 31 through 35 pending completion of state exhaustion proceedings and directs Danks to file a reply to the Warden's response on or before November 8, 2011, which is two calendar weeks from the October 25, 2011 order in which Danks was first directed to reply.

IT IS SO ORDERED.

Dated:   November 1, 2011

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge