UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br><br>    Petitioner,<br><br>vs.<br><br>MICHAEL MARTEL, as Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:11-cv-00223 LJO<br><br>DEATH PENALTY CASE<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE REGARDING DISMISSAL OF CLAIMS 31 THROUGH 35; RESOLVING EXHAUSTION DISPUTE; AND HOLDING CLAIMS 31 THROUGH 35 IN ABEYANCE |

On October 14, 2011 the Court entered an order holding federal proceedings in abeyance as to Claims 1 through 30 and 37, dismissing Claim 36 as premature, and directing Petitioner Joseph Martin Danks ("Danks") to show cause why Claims 31 through 35 should not be dismissed as unexhausted and barred by the statute of limitations. Danks timely filed his return to the order to show cause on October 21, 2011. Respondent Michael Martel, as Acting Warden of San Quentin State Prison, (the "Warden") filed a response to Danks' return on October 25, 2011.

In their respective submissions, the parties agree that the factual bases for Claims 31 through 35 were previously exhausted during direct appeal proceedings before the California Supreme Court. The Warden maintained, however that not all the legal bases for Claims 31 through 35 were exhausted and that the unexhausted legal bases should be dismissed as barred by the statute of limitations. The Court then directed Danks to file a reply to the Warden's response by November 8, 2011. Danks timely complied, arguing that the statute of limitations is not a bar to the additional legal bases, and separately that, with two exceptions, the legal bases do not render Claims 31 through 35 unexhausted . The exceptions are equal protection violations alleged in Claims 31 and 33.

1  After reviewing the materials submitted by the parties as well as the pleadings and records on file in this matter, the Court finds the state appellate proceedings fairly presented Danks' federal claims, except for the equal protection allegations, so as to provide the state court an "opportunity to pass upon and correct the alleged violations of [Danks'] federal rights." *See Duncan v. Henry*, 513 U.S. 364, 365 (1995), quoting *Picard v. Conner*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

GOOD CAUSE APPEARING THEREFOR, the October 14, 2011 order to show cause IS DISCHARGED. Claims 31 through 35 SHALL BE HELD IN ABEYANCE with Claims 1 through 30 and 37 during pendency of state exhaustion proceedings. The allegations that Danks' equal protection rights under the Fourteenth Amendment were violated, as alleged in Claims 31 and 33 of the federal petition ARE UNEXHAUSTED. The Clerk of the Court is directed to flag this case as stayed until further directed by the Court.

IT IS SO ORDERED.

Dated:   November 9, 2011

/s/ Lawrence J. O'Neill
Lawrence J. O'Neill
United States District Judge