UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>Respondent.[1] | Case No. 1:11-cv-00223-JLT<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER DIRECTING THE FILING OF POST-EXHAUSTION STATUS CONFERENCE STATEMENT(S) |

Before the court is petitioner's report of disposition of state exhaustion claims, filed January 27, 2022. (Doc. 68.) Therein, petitioner advised that: (i) on January 5, 2022, the California Supreme Court denied his petition for review of the California Court of Appeal's October 22, 2021 denial of his appeal and request for a certificate of appealability from the Kern County Superior Court's September 10, 2021 denial of all seven claims in his state exhaustion petition filed September 13, 2011, Cal. Case No. 196398; and (ii) he intends to file a petition for writ of certiorari in the United States Supreme Court.

The record reflects that on November 9, 2011, following petitioner's filing of his operative federal habeas corpus petition on September 15, 2011, this proceeding was stayed and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ron Broomfield, Warden of San Quentin State Prison, is substituted as respondent in place of his predecessor wardens.

held in abeyance of the above noted state court exhaustion proceeding, which finally resolved on January 5, 2022.  (*See* Docs 34, 41, 68); *see also Lawrence v. Florida.*, 549 U.S. 327, 329-36 (2007) (state post-conviction application remains pending [for purposes of 28 U.S.C. § 2244(d)(2)] until final resolution through the state's postconviction procedures; certiorari review in the United State Supreme Court is not part of those state procedures which end when the state court has finally resolved the application); *see also Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979) (state remedies are exhausted upon fair presentation to the state courts, and merits disposition of the claims by the highest state court).

Accordingly, the parties are directed to file a joint (preferred) or individual status report(s) laying out a proposed schedule for the case, within thirty (30) days of the date of this order.  The court anticipates the parties will discuss in the report(s):  (i) their respective positions regarding petitioner's compliance with the statute of limitations and the exhaustion status of the petition, (ii) the time within which respondent shall file his answer in conformance with Rule 5(b) of the Rules Governing § 2254 Cases, including all substantive and procedural affirmative defenses, without points and authorities, (iii) the time within which respondent shall file any other responsive pleading, (iv) the time within which the parties shall brief a responsive pleading other than an answer, (v) the time within which petitioner shall file his reply to the answer, and (vi) the time within which the parties shall file their respective substantive briefs in support of and opposition to the operative federal petition.

IT IS SO ORDERED.

Dated:   **February 14, 2022**

UNITED STATES DISTRICT JUDGE