# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br><br>    Petitioner,<br><br>    v.<br><br>OAK SMITH, Warden of California State Prison at San Quentin,<br><br>    Respondent.[1] | Case No. 1:11-cv-00223-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER: (1) STRIKING UNEXHAUSTED SUBCLAIMS IN CLAIMS 31 AND 33, and (2) PROVIDING FURTHER SCHEDULING |

    Oak Smith, Warden of the California State Prison at San Quentin, through counsel Deputy Attorney General Justain Riley, moves to dismiss the 28 U.S.C. § 2254 habeas corpus petition filed in this proceeding on September 15, 2011 by petitioner Joseph Martin Danks, through counsel Gary Sowards and Margo Hunter of the Habeas Corpus Resource Center, on grounds it includes unexhausted subclaims that have not been stayed in abeyance or withdrawn. (Doc. 76.)

    Petitioner timely filed his response to the motion. (Doc. 77.) Respondent timely replied to petitioner's response. (Doc. 78.) The parties then filed a stipulation regarding the unexhausted legal bases for the equal protection subclaims in Claims 31 and 33. (Doc. 79.)

    The Court, pursuant to parties' stipulation, vacated the scheduled March 8, 2023

---

[1] Oak Smith, named as acting warden of San Quentin State Prison in January 2023, is substituted as respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

hearing on the motion and took the matter under submission.  (Doc. 80.)

Having reviewed and considered the pleadings, the record, and the controlling law, the Court will strike from petitioner's 28 U.S.C. § 2254 petition the unexhausted equal protection subclaims in Claims 31 and 33, deny as moot respondent's motion to dismiss, and provide further case scheduling, as discussed below.

## I. BACKGROUND

In 1993, petitioner, then serving six life sentences for six prior convictions of first degree murder, was convicted in Kern County Superior Court of the first degree murder of his cellmate and sentenced to death.  (*See* Doc. 28 at 9-10.[2])  In 2003, petitioner filed in the California Supreme Court a first petition for writ of habeas corpus.  (*See id.* at 17.)  In 2004, the California Supreme Court affirmed the judgment of conviction and sentence.  (*See id.* at 16.)  That same year, the California Supreme Court denied rehearing (*id.*), and the United States Supreme Court denied certiorari (*id.*).  In 2010, the California Supreme Court denied petitioner's first petition for writ of habeas corpus.  (*See id.* at 20.)

Petitioner began this federal proceeding on February 9, 2011 by filing a request for a stay of execution and appointment of counsel.  (Doc. 1.)  On February 17, 2011, the Habeas Corpus Resource Center was appointed as counsel to represent petitioner.  (Doc. 5.)

On September 13, 2011, petitioner filed in the California Supreme Court a second petition for writ of habeas corpus.  (*See* Doc. 28 at 20-21.)

On September 14, 2011, petitioner filed a 28 U.S.C. § 2254 petition in this proceeding. (Doc. 27.)  The next day, on September 15, 2011, petitioner filed herein a nearly identical § 2254 petition (Doc. 28, hereinafter the "Petition").[3]  Later that same year, this Court: (i) dismissed as premature Claim 36 (alleging execution incompetence), (ii) stayed these federal proceedings in abeyance of state court exhaustion proceedings, and (iii) found the equal protection subclaims in Claims 31 and 33 to be unexhausted.  (*See* Doc. 34 at 6, 10; Doc. 41 at

---

[2] Reference to pagination is to the document's internal pagination unless noted otherwise.

[3] The Court previously found the September 15, 2011 petition, a seemingly repaginated version of the September 14, 2011 filing, to be operative.  (*See* Doc. 69 at 1-2; *see also* Doc. 29 at 3; Doc. 30 at 2 n.1.)

2.)

On September 10, 2021, the Kern County Superior Court denied all claims in petitioner's second petition for writ of habeas corpus. (*See* Doc. 70 at 2.) On October 22, 2021, the California Court of Appeal denied petitioner's appeal and request for a certificate of appealability. (*See id.*) On January 5, 2022, the California Supreme Court denied petitioner's petition for review. (*See id.*) On October 3, 2022, the United States Supreme Court denied petitioner's petition for writ of certiorari. (*See* Doc. 73 at 2.)

On October 18, 2022, this Court lifted its exhaustion stay. (*See* Doc. 74 at 1.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless the petitioner has exhausted his state remedies.[4] *See Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To satisfy the exhaustion requirement, a petitioner must "fairly present" his habeas claims "in each appropriate state court . . . including a state supreme court with powers of discretionary review." *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018) (quoting *Baldwin v. Reese*, 541 U.S. 27, 30 (2004)). The exhaustion requirement, rooted in the principles of comity, ensures that the state courts have "the first opportunity . . . to correct the errors made in the internal administration of their prisons." *Simpson v. Thomas*, 528 F.3d 685, 692 (9th Cir. 2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)); accord *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Beames v. Chappell*, No. 1:10-cv-01429, 2015 WL 403938, at *3 (E.D. Cal. Jan. 28, 2015) (collecting cases).

Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

---

[4] The statute provides two exceptions to this requirement: where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Neither is in issue here.

1    Petitioner has the burden of demonstrating that he has exhausted available state
2 remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982); *Owens v. Los Angeles*,
3 No. CV 16-3393-DMG (DFM), 2017 WL 988038, at *3 (C.D. Cal. Mar. 13, 2017*), judgment
4 entered sub nom. Owens v. Los Angeles*, No. CV 16-3393-DMG (DFM), 2017 WL 968983
5 (C.D. Cal. Mar. 13, 2017).

## III. DISCUSSION

7    Respondent argues the equal protection subclaims contained in Claims 31 and 33 (i.e.
8 Doc. 28 at 381:15-16; 383:8-9; 387:19-20) are unexhausted, and must either be stricken by
9 petitioner or the Petition dismissed as a mixed petition.  (*See* Doc. 76 at 1-4 citing 28 U.S.C.
10 § 2254(b); *Darr v. Burford*, 339 U.S. 200, 218-19 (1950); *Cartwright v. Cupp*, 650 F.2d 1103,
11 1104 (9th Cir. 1981); *Wooten v. Kirkland*, 540 F.3d at 1026 (9th Cir. 2008) (citing *Rhines v.
12 Weber*, 544 U.S. 269, 278 (2005).)  He observes the Court previously stayed the case to allow
13 petitioner to exhaust these equal protection subclaims (*see* Doc. 34 at 8-10; Doc. 41 at 1-2),
14 and that petitioner did not do so, omitting the subclaims from his second (state) petition for
15 writ of habeas corpus.  (Doc. 76 at 2; *see also* Doc. 75-6 [Kern County Superior Court order
16 denying second state habeas corpus petition] at 4.)

17    Petitioner responds by conceding the equal protection subclaims are unexhausted.  (*See*
18 Doc. 77 at 2-3.)  He states that he does not intend to rely on these subclaims and requests they
19 be deleted from the Petition so that he may proceed on the otherwise fully exhausted Claims
20 therein.  (*Id.* at 3; *see also* Doc. 77-1.) Respondent, in his reply to petitioner's response,
21 acquiesces in petitioner's above noted request.  (*See* Doc. 78 at 2.)

22    It is settled that a motion to dismiss may be used to dispose of claims in a federal
23 habeas corpus proceeding on procedural grounds, including failure to exhaust state remedies.
24 *See Murray v. Carrier*, 477 U.S. 478, 483 (1986); *White v. Lewis*, 874 F.2d 599, 602-03 (9th
25 Cir. 1989); Rule 4, foll. 28 U.S.C. § 2254, Cases and Advisory Committee Notes; *see also*
26 Local Rule 190(e)(1). The Court finds that petitioner is entitled to proceed on his exhausted
27 Claims by amending the Petition to delete the noted unexhausted subclaims.  *See Rose*, 455
28 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[ ] the

1  habeas petition to present only exhausted claims"); *see also James v. Giles*, 221 F.3d 1074,
2  1077-78 (9th Cir. 2000) (finding petitioner has the right to delete unexhausted claims from a
3  mixed petition in lieu of suffering dismissal); *Nowaczyk v. Warden*, *New Hampshire State
4  Prison*, 299 F.3d 69, 76 (1st Cir. 2002) (citing *Rose*, 455 U.S. at 510) (state prisoner with a
5  mixed petition may amend the petition to remove any unexhausted claims).  Petitioner's stated
6  intention of abandoning the unexhausted subclaims and his acquiescence in their being deleted
7  from the Petition serves that purpose.  (*See* Doc. 77 at 3); *see also Kelly v. Small*, 315 F.3d
8  1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143
9  (9th Cir. 2007) (petitioner may dismiss unexhausted claims and proceed to the merits on the
10 exhausted claims).

11         Given respondent's stated agreement that the unexhausted equal protection subclaims
12 may be deleted from the Petition and that petitioner may then proceed on the fully exhausted
13 Petition without the need to file an amended petition, the Court will strike the unexhausted
14 subclaims, allow petitioner to proceed on the otherwise exhausted Petition, and deem moot
15 respondent's motion to dismiss the Petition and deny the motion on that basis.  Additionally,
16 the Court will provide further scheduling consistent with that previously stipulated to by the
17 parties.  (*See* Doc. 70.) Accordingly,

18         1.      The unexhausted equal protection subclaims contained in Claims 31 and 33
19 (i.e., Doc. 28 at 381:15-16; 383:8-9; 387:19-20) are **STRICKEN** from the Petition.  Petitioner
20 shall proceed on the Petition with the above allegations stricken.

21         2.      Respondent's motion to dismiss the Petition (Doc. 76) is deemed moot and
22 **DENIED** on that basis, without prejudice to respondent's opposing any attempt by petitioner
23 to add back the stricken subclaims.

24         3.      Respondent shall file his Answer to the Petition in conformance with Rule 5(b)
25 of the Rules Governing § 2254 Cases, **within 90 days** of the filed date of this order.

26         4.      Petitioner shall file his Reply to the Answer **within 60 days** of the filed date
27 thereof.

28         5.      **Within 180 days** of the filed date of the Reply to the Answer, the parties shall

file their substantive full scope briefs in support of and opposition to the Petition.

    6.    The Court will **NOT** entertain a request for summary judgment.

    7.    Motions for discovery, expansion of the record, and/or evidentiary hearing will be entertained only AFTER the Court's § 2254(d) analysis of the federal claims.

IT IS SO ORDERED.

Dated:   **March 10, 2023**

*[signature]*
UNITED STATES DISTRICT JUDGE