UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>    Respondent.[1] | Case No. 1:11-cv-00223-JLT<br><br>DEATH PENALTY CASE<br><br>STIPULATED PROTECTIVE ORDER |

    Petitioner JOSEPH MARTIN DANKS and Respondent RON BLOOMFIELD, as Warden of the California State Prison at San Quentin, by and through their counsel of record, stipulate that a protective order may be entered by the Court as follows (*see* Doc. 87):

    The parties agree that, to adequately litigate claims in the operative 28 U.S.C. § 2254 habeas corpus petition (Doc. 28), Respondent requires access to certain documents filed under seal in state court which are pending a sealing request in this proceeding (Doc. 86), *viz.* portions of sealed state Reporter's Transcripts which intrude upon matters heretofore protected by the attorney-client and attorney work product privileges. These Transcripts relate to state court proceedings conducted pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970), on the following dates: (1) July 7, 1992, (2) November 10, 1992, (3) January 22, 1993, and (4)

---

[1] Pursuant to the Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

1

1  February 1, 1993.

2  The parties agree that pursuant to *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir.
3  2003), Petitioner has waived his attorney-client and work product privileges with respect to
4  these sealed Transcripts to afford Respondent the ability to prepare his answer to the petition.

5  The parties agree to the issuance of a protective order pursuant to *Bittaker*, 331 F.3d at
6  717 n.1 and *Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012) limiting use and/or distribution of
7  the sealed Transcripts. Thus, the Court **ORDERS**:

8  For purposes of the preparation of Respondent's answer to the petition, the sealed
9  Reporter's Transcripts (dated July 7, 1992; November 10, 1992; January 22, 1993; and
10 February 1, 1993) of proceedings conducted pursuant to *Marsden*, upon lodging under seal in
11 this proceeding, may be used only by representatives from the Office of the California
12 Attorney General, any representative of the Attorney General and any expert retained by the
13 Attorney General's Office in this federal habeas proceeding.  If a representative of the Attorney
14 General's Office provides the sealed Reporter's Transcripts to an expert as authorized above,
15 the Attorney General's Office shall inform the expert of this protective order and the expert's
16 obligation to keep the Transcripts confidential.

17 This order shall continue in effect after the conclusion of the habeas corpus proceedings
18 and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal
19 case, except that either party maintains the right to request modification or vacation of this
20 order upon entry of final judgment in this matter.

21
22 IT IS SO ORDERED.

23 Dated:   **June 30, 2023**                                  _____
                                                              UNITED STATES DISTRICT JUDGE