UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>Respondent.[1] | Case No. 1:11-cv-00223-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER REGARDING PETITIONER'S REQUEST TO FILE DOCUMENTS UNDER SEAL |

I. INTRODUCTION

On June 27, 2023, Petitioner, through counsel, the Habeas Corpus Resource Center by attorney Margo Hunter, filed on the public docket a Notice of Request to Seal portions of the sealed reporter's transcript of state trial court proceedings dated July 7, 1992, November 10, 1992, January 22, 1993, and February 1, 1993, (collectively the "Sealed Reporter's Transcript") relating to Petitioner's motions to substitute counsel pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970). (Doc. 86.) The Notice is associated with the Court's June 2, 2023 order (Doc. 83) that modified case scheduling to afford counsel for Respondent, Deputy Attorney General Justain Riley, access to the Sealed Reporter's Transcript while preparing

---

[1] Pursuant to the Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

1

1  Respondent's answer to the 28 U.S.C. § 2254 habeas corpus petition filed in this proceeding.

2  Petitioner has submitted ex parte and in camera to the Court the Sealed Reporter's
3  Transcript along with a Proposed Order and Request to Seal, as required by Eastern District of
4  California Local Rule ("Local Rule") 141.[2] (*See* Doc. 86, at 2.) Petitioner states the Sealed
5  Reporter's Transcript has not been provided to Respondent because these documents remain
6  sealed in state court. (*Id.*)

7  Respondent has not opposed Petitioner's sealing request, and the time for doing so has
8  expired. Local Rule 141(c). Petitioner's sealing request is therefore deemed unopposed.

## II. BACKGROUND

In 1993, Petitioner, then serving six life sentences for six prior convictions of first degree murder, was convicted in Kern County Superior Court of the first degree murder of his cellmate and sentenced to death. (*See* Doc. 28, at 19-20) In 2003, Petitioner filed in the California Supreme Court a first petition for writ of habeas corpus. (*See id.* at 27.) In 2004, the California Supreme Court affirmed the judgment of conviction and sentence. (*See id.* at 26.) That same year, the California Supreme Court denied rehearing (*id.*), and the United States Supreme Court denied certiorari (*id.*). In 2010, the California Supreme Court denied Petitioner's first petition for writ of habeas corpus. (*See id.* at 30.)

Petitioner began this federal proceeding on February 9, 2011 by filing a request for a stay of execution and appointment of counsel. (Doc. 1.) On February 17, 2011, the Habeas Corpus Resource Center was appointed as counsel to represent Petitioner. (Doc. 5.)

On September 13, 2011, Petitioner filed in the California Supreme Court a second petition for writ of habeas corpus. (*See* Doc. 28, at 30-31.)

On September 15, 2011, Petitioner filed herein the operative § 2254 habeas corpus petition. (Doc. 28.) Later that same year, this Court: (i) dismissed as premature Claim 36 (alleging execution incompetence), (ii) stayed these federal proceedings in abeyance of state

---

[2] Local Rule 141(b) directs a party seeking to seal documents to electronically file a "Notice of Request to Seal Documents" and to e-mail a "Request to Seal Documents," proposed order, and all documents covered by the request to the appropriate Judge or Magistrate Judge's proposed order e-mail box. All reference to pagination is to ECF system pagination unless stated otherwise.

exhaustion proceedings, and (iii) found the equal protection subclaims in Claims 31 and 33 to be unexhausted. (*See* Doc. 34, at 6, 10; Doc. 41, at 2.)

On September 10, 2021, the Kern County Superior Court denied all claims in Petitioner's second petition for writ of habeas corpus. (*See* Doc. 70, at 2.) On October 22, 2021, the California Court of Appeal denied Petitioner's appeal and request for a certificate of appealability. (*See id.*) On January 5, 2022, the California Supreme Court denied Petitioner's petition for review. (*See id.*) On October 3, 2022, the United States Supreme Court denied Petitioner's petition for writ of certiorari. (*See* Doc. 73, at 2.)

On October 18, 2022, the Court lifted its exhaustion stay. (*See* Doc. 74, at 1.)

On March 10, 2023, the Court ordered stricken from the § 2254 petition the unexhausted equal protection subclaims in Claims 31 and 33. (Doc. 81.)

### III. DISCUSSION

Petitioner supports the sealing request by observing that the Sealed Reporter's Transcript, portions of the sealed state record which must remain sealed in this proceeding, is cited in his operative § 2254 petition.

Requests to seal documents in this district are governed by Local Rule 141, which provides that documents may be sealed only upon written order of the Court after a specific request to seal has been made. Local Rule 141(a). The request to seal shall set forth "the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." Local Rule 141(b).

The Court observes there is a "strong presumption in favor of access to court records[.]" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.' " *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. *See Ctr. for Auto Safety,* 809 F.3d, at 1096-97. A party seeking to file something under seal must present "compelling reasons" supporting the request. *Id.* The compelling reasons standard requires that the Court: (1) find a compelling reason supporting sealing the record, and (2) articulate the factual basis for sealing the record without relying on hypothesis or conjecture. *Id.* at 1096-97. The Court must "conscientiously balance" the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1097; *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-81 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety,* 809 F.3d, at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has stated that "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist, for example, when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S., at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d, at 1179 (citing *Foltz*, 331 F.3d, at 1136).

Where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a lesser showing of "good cause" to find prejudice or harm for each document sought to be protected. *Ctr. for Auto Safety,* 809 F.3d, at 1096-1102; *see also Kamakana,* 447 F.3d, at 1178-80; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). For example, in such a case, a "particularized showing" that public disclosure would cause annoyance, embarrassment, oppression, or an undue burden will suffice to seal non-dispositive records. *Kamakana*, 447 F.3d, at 1180; *see also* Fed. R. Civ. P. 26(c)(1). Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction."

Petitioner has complied with Local Rule 141. The Court has reviewed the Request to Seal and the Sealed Reporter's Transcript documents sought to be sealed and finds compelling reasons to grant the Request. These documents contain sealed state court reporter's transcript of *Marsden* and related proceedings including information regarding representation, the attorney client relationship, and attorney work product, that is privileged and confidential under state law and by order of the California Supreme Court. (*See* Docs. 87 & 88.)  Thus, the Court **ORDERS**:

    1.    Petitioner's Request to Lodge Documents under Seal is **GRANTED**.

    2.    The Sealed Reporter's Transcript dated July 7, 1992 (totaling 16 pages), November 10, 1992 (totaling 15 pages), January 22, 1993 (totaling 6 pages), and February 1, 1993 (totaling 33) pages, shall be **LODGED UNDER SEAL** until further order of the Court, with **SERVICE UPON ONLY COUNSEL FOR THE PARTIES**. These documents shall not be publicly filed unless otherwise ordered by the Court.

    3.    Petitioner's counsel shall email the above Transcripts to ApprovedSealed@caed.uscourts.gov for lodging under seal in compliance with Local Rule 141 **WITHIN THREE DAYS** of the date of entry of this order.

IT IS SO ORDERED.

Dated: __**July 6, 2023**__

*[signature]*
UNITED STATES DISTRICT JUDGE