UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>    Respondent.[1] | Case No. 1:11-cv-00223-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER REGARDING PETITIONER'S FURTHER REQUEST TO FILE DOCUMENTS UNDER SEAL |

I. INTRODUCTION

On July 26, 2023, Petitioner, through counsel the Habeas Corpus Resource Center by attorney Melissa Burkhard, filed on the public docket a Notice of Request to Seal a portion of the January 5, 1993 Reporter's Transcript of trial court proceedings relating to expert funding pursuant to California Penal Code section 987.9, which is sealed in state court. (Doc. 96.)

The Notice is associated with the Court's prior orders affording counsel for Respondent, Deputy Attorney General Justain Riley, access to sealed reporter's transcripts of state court proceedings on motions to substitute counsel pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970), and modifying the case schedule accordingly. (Docs. 83, 88, 89, 94.)

---

[1] Pursuant to the Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

1

Petitioner has submitted ex parte and in camera to the Court the January 5, 1993 Reporter's Transcript along with a Proposed Order and Request to Seal, as required by Eastern District of California Local Rule ("Local Rule") 141.[2] (*See* Doc. 96, at 2.[3]) Petitioner states the Sealed Reporter's Transcript has not been provided to Respondent because it remains sealed in state court. (*Id.*)

Respondent has not opposed Petitioner's sealing request, and the time for doing so has expired. Local Rule 141(c). Petitioner's sealing request is therefore deemed unopposed.

## II. BACKGROUND

In 1993, Petitioner, then serving six life sentences for six prior convictions of first degree murder, was convicted in Kern County Superior Court of the first degree murder of his cellmate and sentenced to death. (*See* Doc. 28, at 19-20) In 2003, Petitioner filed in the California Supreme Court a first petition for writ of habeas corpus. (*See id.* at 27.) In 2004, the California Supreme Court affirmed the judgment of conviction and sentence. (*See id.* at 26.) That same year, the California Supreme Court denied rehearing (*id.*), and the United States Supreme Court denied certiorari (*id.*). In 2010, the California Supreme Court denied Petitioner's first petition for writ of habeas corpus. (*See id.* at 30.)

Petitioner began this federal proceeding on February 9, 2011 by filing a request for a stay of execution and appointment of counsel. (Doc. 1.) On February 17, 2011, the Habeas Corpus Resource Center was appointed as counsel to represent Petitioner. (Doc. 5.)

On September 13, 2011, Petitioner filed in the California Supreme Court a second petition for writ of habeas corpus. (*See* Doc. 28, at 30-31.)

On September 15, 2011, Petitioner filed herein the operative § 2254 habeas corpus petition. (Doc. 28.) Later that same year, this Court: (i) dismissed as premature Claim 36 (alleging execution incompetence), (ii) stayed these federal proceedings in abeyance of state exhaustion proceedings, and (iii) found the equal protection subclaims in Claims 31 and 33 to

---

[2] Local Rule 141(b) directs a party seeking to seal documents to electronically file a "Notice of Request to Seal Documents" and to e-mail a "Request to Seal Documents," proposed order, and all documents covered by the request to the appropriate Judge or Magistrate Judge's proposed order e-mail box.

[3] All reference to pagination is to ECF system pagination unless stated otherwise.

1  be unexhausted.  (*See* Doc. 34, at 6, 10; Doc. 41, at 2.)

2  On September 10, 2021, the Kern County Superior Court denied all claims in
3  Petitioner's second petition for writ of habeas corpus.  (*See* Doc. 70, at 2.)  On October 22,
4  2021, the California Court of Appeal denied Petitioner's appeal and request for a certificate of
5  appealability.  (*See id.*)  On January 5, 2022, the California Supreme Court denied Petitioner's
6  petition for review.  (*See id.*)  On October 3, 2022, the United States Supreme Court denied
7  Petitioner's petition for writ of certiorari.  (*See* Doc. 73, at 2.)

8  On October 18, 2022, the Court lifted its exhaustion stay.  (*See* Doc. 74, at 1.)

9  On March 10, 2023, the Court ordered stricken from the § 2254 petition the
10 unexhausted equal protection subclaims in Claims 31 and 33.  (Doc. 81.)

## III. DISCUSSION

12 Petitioner supports the sealing request by observing that the January 5, 1993 Reporter's
13 Transcript, a portion of the sealed state record which must remain sealed in this proceeding, is
14 cited in his operative § 2254 petition.

15 Requests to seal documents in this district are governed by Local Rule 141, which
16 provides that documents may be sealed only upon written order of the Court after a specific
17 request to seal has been made.  Local Rule 141(a).  The request to seal shall set forth "the
18 statutory or other authority for sealing, the requested duration, the identity, by name or
19 category, of persons to be permitted access to the document, and all relevant information."
20 Local Rule 141(b).

21 The Court observes there is a "strong presumption in favor of access to court
22 records[.]"  *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir.
23 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).
24 "The presumption of access is 'based on the need for federal courts, although independent –
25 indeed, particularly because they are independent – to have a measure of accountability and for
26 the public to have confidence in the administration of justice.' "  *Id.* (quoting *United States v.*
27 *Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

28 A request to seal material must normally meet the high threshold of showing that

"compelling reasons" support secrecy.  *See Ctr. for Auto Safety,* 809 F.3d, at 1096-97.  A party seeking to file something under seal must present "compelling reasons" supporting the request.  *Id.*  The compelling reasons standard requires that the Court: (1) find a compelling reason supporting sealing the record, and (2) articulate the factual basis for sealing the record without relying on hypothesis or conjecture.  *Id.* at 1096-97.  The Court must "conscientiously balance" the competing interests of the public and the party who wishes to keep the documents private.  *Id.* at 1097; *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-81 (9th Cir. 2006).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.' "  *Ctr. for Auto Safety,* 809 F.3d, at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

      The Ninth Circuit has stated that "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist, for example, when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S., at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d, at 1179 (citing *Foltz*, 331 F.3d, at 1136).

      Where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a lesser showing of "good cause" to find prejudice or harm for each document sought to be protected. *Ctr. for Auto Safety,* 809 F.3d, at 1096-1102; *see also Kamakana,* 447 F.3d, at 1178-80; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  For example, in such a case, a "particularized showing" that public disclosure would cause annoyance, embarrassment, oppression, or an undue burden will suffice to seal non-dispositive records. *Kamakana*, 447 F.3d, at 1180; *see also* Fed. R. Civ. P. 26(c)(1).  Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction."

      Petitioner has complied with Local Rule 141.  The Court has reviewed the Request to

Seal and the January 5, 1993 Reporter's Transcript sought to be sealed and finds compelling reasons to grant the Request. The Transcript, sealed in state court, relates to Petitioner's request to the trial court for expert funds pursuant to California Penal Code section 987.9, and includes information regarding representation, the attorney client relationship, and attorney work product, that is privileged and confidential under state law. (*See e.g.*, Doc. 97.) Thus, the Court **ORDERS**:

    1.    Petitioner's Request to Lodge Documents under Seal is **GRANTED**.

    2.    The January 5, 1993 Reporter's Transcript (totaling 7 pages) shall be **LODGED UNDER SEAL** until further order of the Court, with **SERVICE UPON ONLY COUNSEL FOR THE PARTIES**. This document shall not be publicly filed unless otherwise ordered by the Court.

    3.    Petitioner's counsel shall email the January 5, 1993 Reporter's Transcript to ApprovedSealed@caed.uscourts.gov for lodging under seal in compliance with Local Rule 141 **WITHIN THREE DAYS** of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **August 10, 2023**　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE