UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>    Respondent.[1] | Case No.  1:11-cv-00223-JLT<br><br>DEATH PENALTY CASE<br><br>SECOND STIPULATED PROTECTIVE ORDER |

Petitioner JOSEPH MARTIN DANKS and Respondent RON BLOOMFIELD, as Warden of the California State Prison at San Quentin, by and through their counsel of record, stipulate that a second protective order may be entered by the Court as follows (Doc. 97):

The parties agree that, in order to adequately litigate claims in the operative 28 U.S.C. § 2254 habeas corpus petition (Doc. 28), Respondent requires access to a January 5, 1993 Reporter's Transcript of ex parte trial court proceedings on California Penal Code section 987.9 expert funding, sealed in state court, which intrude upon matters heretofore protected by the attorney-client and attorney work product privileges.[2] [3]

---

[1] Pursuant to the Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

[2] The January 5, 1993 Reporter's Transcript is the subject of a pending request to seal documents in this proceeding. (Doc. 96.)

1

      The parties agree that pursuant to *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003), Petitioner has waived his attorney-client and work product privileges with respect to the January 5, 1993 Reporter's Transcript to afford Respondent the ability to prepare his answer to the petition.

      The parties agree to the issuance of a protective order pursuant to *Bittaker*, 331 F.3d at 717 n.1, and *Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012), limiting use and/or distribution of the January 5, 1993 Reporter's Transcript.

      ACCORDINGLY,

      For purposes of the preparation of Respondent's answer to the petition, the January 5, 1993 Reporter's Transcript, upon lodging under seal in this proceeding, may be used only by representatives from the Office of the California Attorney General, any representative of the Attorney General and any expert retained by the Attorney General's Office in this federal habeas proceeding.  If a representative of the Attorney General's Office provides the January 5, 1993 Reporter's Transcript to an expert as authorized above, the Attorney General's Office shall inform the expert of this protective order and the expert's obligation to keep the Transcript confidential.

      This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

IT IS SO ORDERED.

Dated:   **August 10, 2023**

UNITED STATES DISTRICT JUDGE

---

[3] The Court previously issued a Stipulated Protective Order in the case (Doc. 88) relating to certain Reporter's Transcripts of sealed trial court proceedings pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970), lodged under seal herein (Docs. 89-93).