UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS, | Case No. 1:11-cv-00223-JLT |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER GRANTING UNOPPOSED MOTION FOR SUBSTITUTION OF COUNSEL |
| CHANCE ANDES, Warden of San Quentin Rehabilitation Center, | (Doc. 116) |
| Respondent.[1] | |

Petitioner, through appointed counsel the California Habeas Corpus Resource Center ("HCRC") by lead counsel Gary D. Sowards and associate counsel Margo Hunter and Melissa Burkhart, moves to substitute the Office of the Federal Defender for the Eastern District of California - Capital Habeas Unit ("CHU") as co-counsel in place of Ms. Hunter and Ms. Burkhart in this 28 U.S.C. § 2254 capital habeas proceeding.

The Court, finding the matter amendable to resolution on the papers,[2] GRANTS the requested relief, as discussed below.

**BACKGROUND**

In 1993, Petitioner was convicted in Kern County Superior Court of the first degree murder of his cellmate and sentenced to death. (*See* Doc. 28, at 19-20.) At that time, he was serving six life

---

[1] Chance Andes, Warden of San Quentin Rehabilitation Center since December 2024, is substituted as Respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

[2] See E.D. Cal. Local Rules 230(g).

1

1  sentences for six prior convictions of first-degree murder *Id.* In 2001, Petitioner filed his direct appeal.
2  (*See id*., at 25.)  The California Supreme Court affirmed the conviction and sentence and denied
3  petition for rehearing in 2004. (*See id*., at 26.)  The United States Supreme Court denied certiorari.
4  *Danks v. California*, 543 U.S. 961 (2004). In 2003, Petitioner filed in the California Supreme Court a
5  first petition for writ of habeas corpus. (*See* Doc. 28*,* at 27.)  The California Supreme Court denied
6  Petitioner's first petition for writ of habeas corpus in 2010. (*See id.,* at 30.)

7  Petitioner began this federal proceeding on February 9, 2011 by filing a request for a stay of
8  execution and appointment of counsel. (Doc. 1.)  The Court appointed HCRC as his counsel soon
9  thereafter. (Doc. 5.) On September 13, 2011, Petitioner filed a second petition for writ of habeas
10 corpus in the California Supreme Court. (*See* Doc. 28, at 30-31.)

11 On September 15, 2011, Petitioner filed his operative § 2254 habeas corpus petition in this
12 Court. (Doc. 28.)  Later that same year, the Court: (i) dismissed as premature Claim 36 (alleging
13 execution incompetence), (ii) stayed these federal proceedings in abeyance of state exhaustion
14 proceedings, and (iii) found the equal protection subclaims in Claims 31 and 33 to be unexhausted.
15 (*See* Doc. 34, at 6, 10; Doc. 41, at 2.) On September 10, 2021, the Kern County Superior Court denied
16 all claims in Petitioner's second petition for writ of habeas corpus.  (*See* Doc. 70, at 2.)  A month later,
17 the California Court of Appeal denied Petitioner's appeal and request for a certificate of appealability.
18 (*See id.*)  In January 2022, the California Supreme Court denied Petitioner's petition for review.  (*See*
19 *id.*) In October 2022, the United States Supreme Court denied Petitioner's petition for writ of certiorari
20 (*See* Doc. 73, at 2), and this Court lifted the exhaustion stay.  (*See* Doc. 74, at 1.)

21 On March 10, 2023, the Court struck from the § 2254 petition the unexhausted equal protection
22 subclaims in Claims 31 and 33. (Doc. 81.) In August 2023, Respondent filed his answer to the federal
23 petition.  (Doc. 98.) In January 2024, Petitioner filed his reply in support of the federal petition. (Doc.
24 108.) Petitioner's merits brief in support of the federal petition is due on August 20, 2025.  (Doc. 114.)

25 **DISCUSSION**

26 Current and proposed counsel and Petitioner jointly seek permission from the Court to
27 substitute counsel in the case. In support of the motion, HCRC Interim Executive Director Nisha Shah
28 represents that: (1) the changing state law habeas corpus landscape has caused an uptick in HCRC's

state court workload and a corresponding need for HCRC to reduce its federal court habeas workload, (2) current counsel have met with Petitioner and explained the proposed substitution of co-counsel, (3) Petitioner has agreed to and signed off on the proposed substitution, and (4) Mr. Sowards has conferred with counsel for Respondent, Deputy Attorney General Justain P. Riley, who does not object to the proposed substitution including CHU's anticipated need for a reasonable extension of time to become familiar with the case. (Doc. 116, at 7-9; Doc. 116-1.) Assistant Federal Defender David Harshaw III, a Co-Supervisor of the CHU, supports the motion by representing that: (1) the CHU is able to represent Petitioner with Mr. Sowards remaining as lead counsel, and (2) the Selection Board for the Eastern District of California supports the substitution. (Doc. 116, at 10-11.)

"In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys. . . ." 18 U.S.C.A. § 3599(a)(2). "Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." 18 U.S.C. § 3599(e).

The Local Rules of the Eastern District of California outline the procedure for the appearance and substitution of counsel. Local Rule 182 explains that if an attorney does not appear in the initial filing, the attorney may appear by "by filing and serving on all parties a substitution of attorneys as provided in (g)." Local Rule 182(a)(2); *see also* E.D. Cal. General Order 671 at 27-34 (internal pagination); Local Rule 191(c). Subsection (g) of Local Rule 182 provides that:

> An attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys that shall set forth the full name and address of the new individual attorney and shall be signed by the withdrawing attorney, the new attorney, and the client. All substitutions of attorneys shall require the approval of the Court….

The Court finds that Petitioner's instant motion complies with the above noted standards. Particularly, the CHU is qualified and has the resources to represent Petitioner as co-counsel with lead counsel Sowards. Petitioner has discussed the matter with counsel and thereupon consented to and signed off on the substitution. Thus, the Court **ORDERS**:

1. The unopposed motion for substitution of counsel (Doc. 116) is **GRANTED**. The current case scheduling REMAINS in full force and effect.

2. The Clerk of the Court is directed to serve this order upon: (i) counsel for the parties, and (ii) David Harshaw III, Assistant Federal Defender, 801 I Street, Third Floor, Sacramento, CA 95814, david_harshaw@fd.org, who will provide Petitioner a copy of this order.

IT IS SO ORDERED.

Dated:   **August 12, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE