UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS, | Case No.  1:11-cv-00223-JLT |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER GRANTING PETITIONER'S UNOPPOSED MOTION TO MODIFY THE CASE SCHEDULE |
| CHANCE ANDES, Warden of San Quentin Rehabilitation Center, | |
| Respondent.[1] | (Doc. 122) |

Petitioner moves to vacate the February 20, 2026 deadline to file his brief in support of the 28 U.S.C. § 2254 petition filed on September 15, 2011. The defense asserts it needs additional time to: (1) complete assembly, transfer, and review of voluminous paper and electronic case records; (2) investigate potential new claims within *Martinez v. Ryan,* 566 U.S. 1 (2012), raised by Soward's representation of petitioner both in state post-conviction and  federal habeas proceedings;[2] (3) prepare the merits brief in support of the § 2254 petition's 37 complex claims; and (4) propose pleading and/or briefing scheduling reflective of these matters. This is petitioner's **fifth** request to modify the deadline to file his brief in support of the § 2254 petition and the **second** such request since current counsel

---

[1] Chance Andes, Warden of San Quentin Rehabilitation Center since December 2024, is substituted as respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

[2] Ineffective assistance of state post-conviction counsel in some circumstances may provide cause for relief from a defaulted substantial claim of ineffective assistance of trial counsel. (*See* Doc. 122 at 5, citing *Martinez*, 566 U.S. at 14).

appeared in the case.[3] Moving counsel represent that respondent's counsel, Deputy Attorney General Justain Riley, does not oppose the requested relief. (Doc. 122 at 7).[4]

The Court finds the matter amenable to resolution on the papers. It **GRANTS** the requested relief and will modify the case schedule, for good cause shown. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The "good cause" requirement focuses primarily on the party's diligence and its reasons for not acting sooner. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Slaughter v. Campbell,* 2024 WL 3317391, at \*2 (E.D. Cal. June 24, 2024) (citing *City of Lincoln v. Cnty. of Placer*, 668 F. Supp. 3d. 1079, 1091 (E.D. Cal. 2023) (same). Nothing before the Court suggests that petitioner has not been diligent or that respondent will suffer prejudice by the requested delay. As petitioner observes, the Court in similar circumstances has allowed additional time for development of potential claims within *Martinez.* (*See* Doc. 122 at 6 citing *Maury v. Davis*, E.D. Cal. Case No. 2:12-cv-01043, Doc. 172 therein [Order, Apr. 1, 2020].) Thus, the Court **ORDERS**:

1.      Petitioner's motion to vacate the February 20, 2026 deadline to file his brief in support of the § 2254 petition (Doc. 122) is **GRANTED**.

2.      Petitioner **SHALL** file a status report **no later than August 20, 2026**, which will discuss the progress regarding assembly, transfer, and review of case records; any potential amended and/or supplemental § 2254 petition; preparation of the brief in support of the § 2254 petition with points and authorities; and any resolution or waiver of any possible conflict as to Sowards. The status report also **SHALL** include a proposed, and mutually agreeable (if possible) pleading and/or briefing schedule.

IT IS SO ORDERED.

Dated:    **February 6, 2026**

UNITED STATES DISTRICT JUDGE

---

[3] Petitioner's reply brief was first due July 8, 2024. (*See* Doc. 103 at 1-2; Doc. 108).
[4] Reference to pagination is to CM/ECF system pagination.

2