UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MARTIN DANKS,<br>Petitioner,<br>v.<br>CHANCE ANDES, Warden of San Quentin Rehabilitation Center,<br>Respondent.[1] | Case No. 1:11-cv-00223-JLT<br>DEATH PENALTY CASE<br>ORDER (1) DIRECTING PETITIONER TO FILE AN UPDATED STATUS REPORT, and (2) DECLINING PROPOSED CASE SCHEDULING |

The Court has reviewed petitioner's status report filed on August 20, 2026. (Doc. 126). Counsel have updated the Court on progress assembling, transferring and reviewing the record; resolving a potential conflict relating to Mr. Sowards; and a recent change in case responsible counsel within the CHU. Counsel propose case scheduling including an unopposed sixth extension of the deadline for petitioner to file his brief in support of the § 2254 petition to August 20, 2027.

The Court does not find good cause for the proposed twelve month extension of time. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The "good cause" requirement focuses primarily on the party's diligence and its reasons for not acting sooner. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Slaughter v.*

[1] Chance Andes, Warden of San Quentin Rehabilitation Center since December 2024, is substituted as respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

*Campbell,* 2024 WL 3317391, at *2 (E.D. Cal. June 24, 2024) (citing *City of Lincoln v. Cnty. of Placer*, 668 F. Supp. 3d. 1079, 1091 (E.D. Cal. 2023)) (same).

Petitioner's opening brief was first due July 8, 2024. (*See* Docs. 103, 108). The Court has five times extended the deadline for petitioner's opening brief allowing extensions of up to six months each for good cause shown. The status report before the Court, even as supported by the declaration of Mr. Harshaw, does not proffer facts that a twelve month extension is necessary notwithstanding counsels' diligent efforts. *See Johnson*, 975 F.2d at 609 (the Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension.").

For example, the CHU has been on the case for over a year working with Mr. Sowards, who has represented petitioner in the state and federal habeas proceedings for many years. While Mr. Sowards' potential conflict and relatedly unspecified potential new claims within *Martinez v. Ryan,* 566 U.S. 1 (2012) are matters first raised during CHU's time on the case, and CHU's lead attorney on the case responsible for developing the conflict issue and preparing the opening brief recently substituted out, the Court largely is left to speculate how these events might warrant a year's extension of time.

THEREFORE, the Court orders that:

1. Petitioner **SHALL** file an updated status report **no later than December 31, 2026**, which will discuss petitioner's progress regarding assembly, transfer, and review of case records; any potential amended and/or supplemental § 2254 petition; preparation of the opening brief in support of the § 2254 petition including points and authorities; and any resolution or waiver of the possible conflict as to Mr. Sowards. The status report also **SHALL** include an updated proposed, and mutually agreeable (if possible) pleading and/or briefing schedule.

///

///

///

///

///

///

2. The Court **DECLINES** to adopt the case schedule as proposed in the August 20, 2026 staff report.

IT IS SO ORDERED.

Dated: _August 28, 2026_

UNITED STATES DISTRICT JUDGE